Archibald C. Wemple, J.
In his argument, the defendant’s counsel contends that the indictment should be dismissed because the Grand Jury did not weigh all of the evidence, and get all of the necessary facts relating to intent involved in the alleged crime.
*643 It appears that while the January 1959 Grand Jury was deliberating the charge against this defendant, the defendant’s counsel wrote a letter addressed to the foreman of said Grand Jury, one Edward F. Tamm, informing him that this defendant was “ receiving psychiatric care and treatment at the Psychosomatic Unit of Ellis Hospital,” and also offered to have one Santino F. Lando, M. D., psychiatrist, testify before said Grand Jury as to the condition of the defendant at the time of the alleged offenses.
The letter referred to was considered by the Grand Jury and, by a vote, it was decided not to receive the testimony of the said Dr. Lando.
Section 250 of the Code of Criminal Procedure provides that the Grand Jury is not bound to hear evidence “ for the defendant ” but that it may order evidence to be produced which 66 will explain away the charge This section goes on to provide that a potential defendant may, as a matter of right, voluntarily file a request to be heard with reference to the charge, and that he shall be allowed to appear and testify if and only if he executes a waiver of immunity.
A reading of this section seems to place the responsibility of determining the area of inquiry with the Grand Jury, with the single exception of where the defendant testifies in person.
In the instant case, then, the offer by the defendant to produce the psychiatrist and the offer to have him testify, was a matter within the discretion of the Grand Jury itself.
While ’an indictment is, in essence, a charge only, still it carries with it a certain amount of impression in the public mind, which is never completely erased, even after an acquittal. For this reason the stigma of an indictment is created only after inquiry and the finding of a duly empanelled Grand Jury. It follows, of course, that an indictment is presumed to be based upon legal and sufficient evidence until there is satisfactory proof to the contrary.
Section 1120 of the Penal Law states that an act done by a person who is an idiot, imbecile, lunatic or insane is not a crime. This section further goes on to provide that a person cannot be tried or sentenced while his mental state is such that he is incapable of understanding the charge or making his defense. Under section 658 of the Code of Criminal Procedure, relating to insanity, and in section 870 of the Code of Criminal Procedure, relating to proceedings when a defendant appears to be insane or a mental defective, the law wisely and understandingly provides for mental examinations on the court’s own motion or that of the District Attorney or that of the defendant.
*644 It would seem, therefore, that, at this time, such a step could be taken if information is brought to the attention of the court that there is reasonable ground to believe that this defendant is in such a state of idiocy, imbecility or insanity that he is incapable of understanding the charge of proceeding, or making his defense. Then there is the defense of insanity which may be pleaded. These are matters which could well have been brought to the attention of the Grand Jury. Perhaps the District Attorney did so.
In any event, the presumption of innocence, which is one of the constitutional rights of this defendant, will continue to prevail, until the contrary is proven beyond a reasonable doubt.
Submit order accordingly.